Joseph JASMAN, Plaintiff–Appellant,

v.

Janice J. SCHMIDT; Tom Doty; Robert Kapture; Patricia L. Caruso, Defendants–Appellees.

No. 00–1636.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COLLIER, District Judge.[*]

Joseph Jasman, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his 42 U.S.C. § 1983 action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Jasman sued Kinross Correctional Facility ("KCF") Corrections Officer Janice J. Schmidt, KCF Inspector Tom Doty, KCF Warden Robert J. Kapture, and Chippewa Correctional Facility ("URF") Warden Patricia L. Caruso. Jasman alleged that the KCF defendants improperly charged and convicted him of a misconduct violation and confined him to an overcrowded cell while in segregation, and that URF Warden Caruso deprived him of access to legal materials and confined him in an overcrowded and unventilated segregation cell. Jasman did not specify the capacity in which he sued the defendants. The magistrate judge reviewed the complaint and recommended that it be dismissed as frivolous and for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e. Jasman did not file any objections, and the district court dismissed the complaint by order dated May 18, 2000.

In his timely appeal, Jasman restates his allegations, argues that they are not frivolous and do state a claim for relief, and contends that he never received a copy of the magistrate judge's report which recommended that his case be dismissed. He has also filed a motion for a preliminary

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

injunction and temporary restraining order.

▆▆▆▆ Initially, we note that Jasman did not file objections to the magistrate judge's report and recommendation. The general rule is that a party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives his right to appeal. *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). In this case, it appears that Jasman never received a copy of the magistrate judge's report. In the interests of justice, we will review the merits of Jasman's appeal. *See Thomas v. Arn*, 474 U.S. 140, 155 n. 15, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Kent v. Johnson*, 821 F.2d 1220, 1222–23 (6th Cir.1987).

▆▆▆ Upon de novo review, we conclude that the district court properly dismissed Jasman's complaint for failure to state a claim. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). First, the district court properly held that because Jasman failed to allege the capacity in which he sued the defendants, they were immune from monetary damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir.1989).

▆▆▆ Second, we agree with the district court that Jasman had no due process claim based upon the misconduct charge. As a result of a misconduct violation, Jasman was sentenced to thirty days of detention at KCF, his security level was increased, he was transferred to URF, and he was placed in administrative segregation upon his transfer. None of these sanctions gives rise to a protected Fourteenth Amendment liberty interest, so they cannot form the basis of a § 1983 due process claim. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Nor can Jasman base a § 1983 claim on the possibility that his disciplinary conviction may cause him to forfeit good-time credits under Michigan Department of Corrections policy. According to his complaint, Jasman unsuccessfully sought an administrative rehearing of his conviction and his appeal to the state court was still pending when he filed his federal action. Until and unless Jasman succeeds in overturning his disciplinary conviction, he cannot bring a civil rights action directly challenging his confinement resulting from that conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

▆▆▆ Third, we conclude that Jasman failed to state an access to the courts claim. Jasman alleged that he was denied his legal materials after he was transferred to URF. He did not allege what his legal materials were, or that he had suffered any actual prejudice to pending or contemplated litigation. Accordingly, Jasman has no access to the courts claim. *See Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

▆▆▆ Finally, we conclude that Jasman's allegations concerning the segregation cells at KCF and URF fail to state an Eighth Amendment claim. Jasman stated that there was inadequate floor space in both the six-man segregation rooms at KCF and the two-man cells at URF, that his anxiety over being double-celled with a disturbed inmate caused him to fall and cut his chin, and that the weatherstripping on the doors of the cells at URF prevented air circulation. He did not allege that he

was denied basic human needs such as food, warmth, or sanitation by virtue of the alleged overcrowded conditions. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Rhodes v. Chapman,* 452 U.S. 337, 347–48, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Nor did he allege that he was harmed by the poor ventilation. Accordingly, Jasman failed to state an Eighth Amendment claim.

Accepting all of Jasman's factual allegations as true, he can prove no set of facts in support of his claims which would entitle him to relief. *See Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we deny Jasman's motion for a preliminary injunction and temporary restraining order and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.